# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, T.H. CAMPBELL, T.P. BELSKY**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## JAMES F. MCDONALD
### CHIEF AVIATION ELECTRICIAN'S MATE (E-7), U.S. NAVY

### NMCCA 201400357
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 23 June 2014.
**Military Judge:** CAPT A.H. Henderson, JAGC, USN.
**Convening Authority:** Commanding Officer, Strike Fighter Squadron ONE TWO TWO, Naval Air Station, Lemoore, CA.
**Staff Judge Advocate's Recommendation:** LT G.K. Bradley, JAGC, USN.
**For Appellant:** LT Jacqueline M. Leonard, JAGC, USN.
**For Appellee:** Brian Keller, Esq.

### 19 May 2016

---------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of four specifications of indecent visual recordings, in violation of Article 120c(a), Uniform of Military Justice, 10 U.S.C. § 920c(a). The adjudged sentence included confinement for 250 days, reduction to pay grade E-4, and a bad-conduct discharge. On 29 September 2014, the convening authority (CA) approved the sentence as adjudged, suspended all confinement in excess of six months pursuant to the terms of a pretrial agreement, and with the exception of the bad-conduct discharge, ordered the sentence executed.

On appeal, the appellant raised two assignments of error: 1) that the CA VIOLATED RULE FOR COURTS-MARTIAL 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), thereby requiring a new CA's action; and 2) that a sentence including a bad-conduct discharge was inappropriately severe. In its answer, the Government conceded error concerning the CA's action. On 31 July 2015, this court set aside the CA's action and ordered a new staff judge advocate's recommendation and CA's action. The CA complied with our order and the record of trial is again before us for consideration of the appellant's remaining assignment of error concerning the severity of his sentence. We disagree with the alleged error and conclude that no error materially prejudicial to the substantial rights of the appellant remains.

**Factual Background**

At the time of his offenses, the appellant was the Administration Officer at Strike Fighter Squadron ONE TWO TWO's permanent detachment, located on board Naval Air Facility El Centro, California.[1] While at this duty station, the appellant volunteered to serve as a barracks inspector for the specific purpose of committing his offenses.[2] In this role, the appellant was able to access rooms located in the female barracks.[3] Sometime between 28 June and 14 July 2012, the appellant accessed the female barracks room shared by Petty Officer Second Class (PO2) J.U., U.S. Navy, and Petty Officer Third Class (PO3) H.N., U.S. Navy.[4] The appellant knew PO3 H.N. because she worked for him.[5] While in uniform, and under the guise of performing a barracks inspection, the appellant hid a motion-activated camera in the bathroom.[6] The camera recorded PO2 J.U. and PO3 H.N. on several different occasions using the bathroom, capturing images of their exposed buttocks.[7] Several days after installing the camera, the appellant removed the device and connected it to a laptop computer so that he could view the recordings.[8]

On or about 24 July 2012, acting again under the guise of a barracks inspection, the appellant installed the same camera in the barracks bathroom of PO2 E.K., U.S. Navy.[9] This

---

[1] Prosecution Exhibit 1 at 1-2.

[2] Record at 47.

[3] *Id*. at 44-45, 47.

[4] PE 1 at 3.

[5] Record at 207-08.

[6] PE 1 at 3-4.

[7] *Id*. at 5-6; Record at 204.

[8] PE 1 at 4; Record at 48-49.

[9] PE 1 at 4-5.

time, however, PO2 E.K. discovered the device several days after it was installed and turned it over to members of the Naval Criminal Investigative Service.[10] Examination of the camera revealed videos of PO2 J.U. or PO3 H.N. using the bathroom, videos of PO2 E.K. showering and using the bathroom, and videos of PO2 R.D., U.S. Navy., a male acquaintance of PO2 E.K., also using the shower and bathroom.[11]

## Discussion

**Sentence Severity**

The appellant alleges a sentence that includes a bad-conduct discharge is inappropriately severe in light of his nineteen and one-half years of otherwise honorable service, including five deployments.[12] We disagree.

This court reviews *de novo* questions concerning the severity of an appellant's sentence. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). However, despite our significant discretion in reviewing the appropriateness of a sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 145-47 (C.A.A.F. 2010).

In the present case, we recognize the appellant's lengthy and commendable service prior to his offenses. However, the appellant's rank, experience, and position of authority make the conduct more egregious. The appellant was a chief petty officer who purposefully invaded the privacy of junior Sailors, including a Sailor who worked for him. He manipulated circumstances by "volunteering" for duty as a barracks inspector and then abused the authority entrusted to him so that he could videotape Sailors in their most private and personal moments. After considering evidence of the appellant's character, we are firmly convinced that the sentence is appropriate not only [because of?] the nature of his offenses, but also the manner in which he committed them.

---

[10] *Id*. at 5.

[11] *Id.* at 5-6.

[12] Appellant's Brief of 4 Feb 2015 at 11-12.

**Conclusion**

The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court